## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
)
IN RE:  PAUL GARGANO              )          MBD NO. 11-mc-91203-FDS
)
)
_____)

## ORDER OF INDEFINITE SUSPENSION

**SAYLOR, J.**

This matter came before the Court pursuant to a petition by the Massachusetts Board of Bar Overseers and Bar Counsel.  After a hearing on November 21, 2011, it is hereby ORDERED as follows:

1.      Paul A. Gargano is suspended from the practice of law in the United States District Court for the District of Massachusetts for an indefinite period.  Mr. Gargano, after the entry of this Order, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature in this District.

2.      Within 14 days of the date of entry of this Order, Mr. Gargano shall:

a.      file a notice of withdrawal as of the effective date of the suspension with the Court, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place of residence, and the case caption and docket number of the client's or clients' proceedings;

b.      resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the

wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c.      provide notice to all clients and to all wards, heirs, and beneficiaries that he has been suspended; that he is disqualified from acting as a lawyer after the effective date of the suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d.      provide notice to counsel for all parties (or, in the absence of counsel, the parties) in pending matters that he has been suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the suspension;

e.      make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or other property;

f.      refund any part of any fees paid in advance that have not been earned; and

g.      close every IOLTA, client, trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control.

All notices required by this paragraph shall be served by certified mail, return receipt requested, in a form approved by the Board of Bar Overseers.

2

3.      Within 21 days after the date of entry of this Order, Mr. Gargano shall file with the Office of the Bar Counsel an affidavit certifying that he has fully complied with the provisions of this Order and with bar disciplinary rules.  Appended to the affidavit of compliance shall be:

a.      a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail.  Such names and addresses of clients shall remain confidential unless otherwise requested in writing by Mr. Gargano or ordered by the court;

b.      a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which Mr. Gargano holds or held as of the entry date of this Order any client, trust or fiduciary funds;

c.      a schedule describing Mr. Gargano's disposition of all client and fiduciary funds in his possession, custody or control as of the entry date of this Order or thereafter;

d.      such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e.      a list of all other state, federal and administrative jurisdictions to which Mr. Gargano is admitted to practice; and

3

      f.      the residence or other street address where communications to Mr. Gargano may thereafter be directed.

Mr. Gargano shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

      4.      Within 21 days after the entry date of this Order, Mr. Gargano shall file with the Clerk of the United States District Court for the District of Massachusetts :

      a.      a copy of the affidavit of compliance required by paragraph 3 of this Order;

      b.      a list of all other state, federal, and administrative jurisdictions to which he is admitted to practice; and

      c.      the residence or other street address where communications to him may thereafter be directed.

      5.      Mr. Gargano may not petition for reinstatement to the practice of law in the District unless he has been previously reinstated in the Commonwealth of Massachusetts.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  November 23, 2011